**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **RAJPAL SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-863-R** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement [Doc. No. 1]. He primarily challenges the constitutionality of the bond hearing he received in February of 2026. The matter was referred to United States Magistrate Judge Amanda L. Maxfield, who issued a Report and Recommendation [Doc. No. 15] recommending this Court deny the Petition and dismiss this action without prejudice. Petitioner filed a Motion for Reconsideration [Doc. No. 16] of Judge Maxfield's Report, which this Court will construe as an Objection, thus triggering de novo review of those portions of the Report to which a specific objection is made.[1] 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

The parties agree Petitioner is detained under 8 U.S.C. § 1226(a), pursuant to which he received a bond hearing that he asserts did not comply with due process. Judge Maxfield found no constitutional deficiencies with Petitioner's bond hearing and stated Petitioner is largely asking this Court to review the weight the Immigration Judge gave to the evidence

[1] Respondents did not file an Objection.

it considered when determining Petitioner presented a flight risk and denying his release on bond. Petitioner's Objection is, for the most part, a reiteration of these same claims. He states that he provided sufficient evidence showing he was not a flight risk and asks this Court either for a new custody redetermination hearing at which Respondents bear the burden of proving Petitioner is not a flight risk and/or for his immediate release.

Pursuant to 8 U.S.C. § 1226(e), federal courts lack jurisdiction to review an Immigration Judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e). This provision "does not preclude challenges to the statutory framework that permits the alien's detention without bail[,]" *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (internal quotation marks and brackets omitted), and courts have exercised jurisdiction over motions that raise constitutional challenges to the bond hearing. *See, e.g.*, *Nucamendiz v. Hyde*, No. 25-CV-13851-ADB, 2026 WL 221449, at *2 (D. Mass. Jan. 28, 2026); *Mendez v. Dedos*, No. 1:26-CV-00394-KG-JHR, 2026 WL 973077, at *2 (D.N.M. Apr. 10, 2026).

But although Petitioner attempts to couch his Objection in constitutional terms, the thrust of his argument is that the IJ improperly weighed and evaluated the evidence. "This is exactly the sort of challenge Congress proscribed by passing § 1226(e)." *Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026). This Court does not have jurisdiction to second guess the IJ's discretionary decision regarding

the denial of bond. *See id., Mwangi v. Terry,* 465 F. App'x 784, 786-87 (10th Cir. 2012) ("Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.").

Moreover, to the extent Petitioner's Objection *does* assert that the bond hearing violated his due process rights, on the present record, the Court is unable to conclude that the bond hearing was conducted in a manner that was constitutionally defective or in violation of Petitioner's due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Petitioner had the opportunity to present evidence and argument at his custody redetermination hearing, at which he was represented by counsel. The Immigration Judge explained the basis of his decision on the record [Doc. No. 14], which Petitioner could have but did not appeal.[2] Although Petitioner takes issue with the IJ's evaluation of the evidence and his consideration of Petitioner's Form I-213 and the strength of his asylum application, he has not shown that the IJ's consideration of such evidence was improper or violates due process, pointed to any evidence the IJ refused to consider, identified any error in the legal standard the IJ applied, or adequately shown he did not receive individualized consideration. In short, "the IJ's decision was not so arbitrary that it offends fundamental tenets of due process." *Hernandez Casallas v. Jones*, 2026 WL 1239322, at *4. Accordingly, the Court agrees with Judge

[2] Petitioner filed a Motion to Reconsider the bond decision, which remains pending.

Maxfield and denies Petitioner's requests for either his immediate release or a new custody redetermination hearing at which the Government bears the burden of proof.[3]

Petitioner also states that his detention while his application for asylum is pending violates the Immigration and Nationality Act and his due process rights. But given that Petitioner is detained under 8 U.S.C. § 1226(a), has received the bond hearing he is entitled to under § 1226(a), and the Court cannot conclude that his bond hearing violated his due process rights, the Court sees no basis on which it can grant him further relief. In the absence of a more specific objection or persuasive argument or authority to the contrary, Petitioner's vague objection on this point is rejected.

Furthermore, Petitioner has failed to specifically object to Judge Mitchell's other findings and recommendations in the Report and has accordingly waived this Court's de novo review of those findings. In any event, and in the absence of more persuasive argument or authority to the contrary, the Court agrees with Judge Maxfield's well-reasoned Report and ADOPTS it in its entirety. Petitioner's Petition is accordingly DENIED and this action is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st day of August, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**

[3] In his Objection, Petitioner renews his request for a new hearing at which the burden of proof is shifted. However, the Court agrees with Judge Maxfield that he has not established his entitlement to a new bond hearing, much less a bond hearing at which the burden of proof should be shifted. Moreover, Petitioner does not allege a violation of his due process rights through the IJ's misallocation of the burden of proof.